**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| KEVIN JAMES TOLLIVER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>SUPERINTENDENT, )<br>)<br>Respondent. ) | CAUSE NO. 3:15-CV-323 |

**OPINION AND ORDER**

This matter is before the Court on a 28 U.S.C. § 2254 Habeas Corpus Petition by a Person in State Custody, filed by Petitioner, Kevin James Tolliver, a *pro se* prisoner, on July 27, 2015. (DE #1.) For the reasons set forth below, the Court **DISMISSES** the petition (DE #1) pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and **DENIES** the petitioner a certificate of appealability. The Clerk is **DIRECTED** to send Tolliver a blank AO-241 (Rev. 10/07 (INND Rev. 6/13) form and a blank prisoner in forma pauperis petition.

BACKGROUND

Petitioner, Kevin James Tolliver, a prisoner confined at the Indiana State Prison, filed this habeas corpus petition challenging his juvenile conviction and sentence handed down by the Elkhart Circuit Court, Juvenile Division on August 1, 1996, in cause number

20C01-9606-JD-00380. In that case he plead guilty to child molesting.

DISCUSSION

The Court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. "The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2254(a)." *Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394, 401 (2001).

> The Supreme Court has interpreted the "in custody" language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed.

*Martin v. Deuth*, 298 F.3d 669, 671 (7th Cir. 2002) (quotation marks and citation omitted). Tolliver does not argue that he "is in custody" pursuant to that 1996 conviction. Notably, in his petition, he claims to have been sentenced to juvenile detention as a result of that conviction. (DE 1.) Thus, it is not plausible to find that he is currently incarcerated at ISP for his 1996 juvenile conviction.

Tolliver claims his 1996 conviction "could later be used as an aggravating circumstance in later adult criminal sentencing." (DE 1 at 4.) While possible, it is not clear if his current sentence has been enhanced due to his juvenile conviction. Though a

2

plausible interpretation of the claim he is trying to present in this case, such a claim is not actionable.

> In *Maleng v. Cook* [490 U.S. 488 (1989) (per curium)], we considered a situation quite similar to the one presented here. In that case, the respondent had filed a § 2254 petition listing as the "conviction under attack" a 1958 state conviction for which he had already served the entirety of his sentence. He also alleged that the 1958 conviction had been used illegally to enhance his 1978 state sentences . . ..
> We held that the respondent was not "in custody" on his 1958 conviction merely because that conviction had been used to enhance a subsequent sentence. We acknowledged, however, that because his § 2254 petition could be read as asserting a challenge to the 1978 sentences, as enhanced by the allegedly invalid prior conviction, respondent satisfied the "in custody" requirement for federal habeas jurisdiction.
> Similarly, Coss is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions. Coss is, however, currently serving the sentence for his 1990 conviction. Like the respondent in *Maleng*, Coss' § 2254 petition can be (and has been) construed as asserting a challenge to the 1990 sentence, as enhanced by the allegedly invalid prior 1986 conviction.

*Lackawanna County*, 532 U.S. at 401-402.

Here, the sentence for the 1996 molestation conviction is over. So even if it resulted in extending his release date for his current conviction, he is still not in custody on the 1996 molestation conviction and therefore cannot challenge it.

Unlike the petitions in *Maleng* and *Coss*, this petition cannot be construed as a challenge to his current conviction. Most notably, Tolliver has not provided any information on what his current conviction is or whether it has been impacted by his

juvenile conviction. The clerk will send him a habeas petition in the event he wants to challenge his current conviction and sentence.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253©, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As is explained above, Tolliver is barred from challenging his fully executed 1996 conviction. Even if he could overcome this barrier, his petition was not timely filed. Nothing before the Court suggests that jurists of reason could debate the correctness of this ruling or find a reason to encourage Tolliver to proceed further. Accordingly, the Court declines to issue him a certificate of appealability.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** the petition (DE #1) pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254

CASES, and **DENIES** the petitioner a certificate of appealability. The Clerk is **DIRECTED** to send Tolliver a blank AO-241 (Rev. 10/07 (INND Rev. 6/13) form and a blank prisoner in forma pauperis petition.

**DATED: August 14, 2015**  /s/RUDY LOZANO, Judge
United States District Court